UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-21686   CIV-COOKE

DAVID COHEN,

 *Plaintiff*,

v.

ALBERTO GONZALES, *et al.*,

 *Defendants*.

_____/

## ORDER DENYING MOTION TO DISMISS AND REMANDING CASE TO USCIS

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss [DE 8], filed August 29, 2007. For the reasons set forth below, however, the Court finds that the case should be remanded rather than dismissed.

### I. BACKGROUND

On July 2, 2007, David Cohen ("Plaintiff") filed a Complaint ("Complaint"), asking this Court to adjudicate his Application for Permanent Residency ("Application"). Steps have been taken to resolve the Plaintiff's Application, but the requisite security background check is yet to be completed.

### II. REMAND TO THE USCIS IS WARRANTED

The Defendants have asked this Court to dismiss the case, but the Court feels that it is more prudent and judicially efficient to remand the case to the USCIS, so that the USCIS may complete the required security background checks for the Plaintiff's Application. And while the Plaintiff may argue that this Court itself should adjudicate the Application as there has been a

delay in its resolution, the Court sees the matter differently.

The Plaintiff did not provide this Court with any authority to support the proposition that the Court may grant his application without completion of the required background checks; neither did this Court's own independent research uncover any authority to do so. Thus, if the Court chose to adjudicate the Plaintiff's Application, it would have to complete the requisite security background investigation on its own—an ambitious endeavor the Court cannot possibly be expected to undertake, for lack of resources to say the least. The USCIS is far better suited to interpret the results of a security background investigation. *See Manzoor v. Chertoff*, 472 F.Supp.2d 801, 808 (E.D. Va. 2007). Consequently, the Court does not see fit, at this juncture, to adjudicate this matter without the requisite background checks still to be performed by the proper agencies.

The Court recognizes that administrative delays may frustrate the Plaintiff. The Court, however, is unwilling to jump the Plaintiff's Application to the front of the line as it may create perverse incentives for other such applicants seeking to expedite their applications. The Court, therefore, shall remand this matter to the USCIS for completion of the required background security checks and determination of Plaintiff's Application. Accordingly, it is hereby

    **ORDERED AND ADJUDGED** as follows:

1. The Defendants' Motion to Dismiss [DE 8] is **DENIED** *without prejudice*.

2. This matter, however, is **REMANDED** to the USCIS for prompt adjudication of Plaintiff's Application.

3. If the USCIS has not rendered a decision on Plaintiff's Application by

**August 30, 2008**, the Plaintiff shall file a notice with the Court setting forth the status of the Application. Upon receipt of the notice, the Court will consider reopening this matter and adjudicating the Plaintiff's Application.

4. The Clerk is directed to ***administratively* CLOSE** this case. All pending motions not otherwise ruled upon are **DENIED** *as moot*.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of August, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Stephen T. Brown*
*Counsel of Record*